UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LOTTOTRON, INC.

        **Plaintiff,**

v.

ALLGAMES CASINOS, LTD. et. al,

        **Defendant.**

Civil Action No. 09-4942 (FSH)

**SCHEDULING ORDER**

**It is on this 7th day of May 2010,**

**ORDERED THAT:**

(1) A scheduling conference shall be conducted before the undersigned at **12:00 P.M.** on **June 9, 2010,** in Courtroom 2C, Martin Luther King Courthouse Bldg., 50 Walnut Street, Newark, N.J. See Local Civil Rule 16.1(a)(1);

(2) The lead attorney on the case must attend the conference in person and be prepared to discuss all aspects of the case including avenues of early resolution, and must have discussed settlement of the matter with the client;

(3) Any requests for adjournment of this scheduling conference must be in writing at least 5 days in advance of the conference;

(4) Failure to comply with the above directives wastes the Court's time and is discourteous to your adversary(ies); such failure to comply may result in sanctions;

(5) Early disclosure requirements of Fed. R. Civ. P. 26 will be enforced. Therefore, the parties shall immediately exchange the information described in Fed. R. Civ. P. 26(a)(1)(A)-(D) without awaiting a discovery request;

(6) At least fourteen (14) days prior to the conference scheduled herein, the parties shall confer pursuant to Fed. R. Civ. P. 26(f) and shall submit a discovery plan to the undersigned not later than 72 hours prior to the conference with the Court.  THE DISCOVERY PLAN SHALL BE IN THE FORM OF THE ATTACHED AND SHALL BE SUBMITTED JOINTLY;

(7) The parties are directed to <u>Local Civil Rule</u> 26.1(d), which addresses "discovery of digital information including computer-based information," describes the obligations of counsel with regard to their clients' information management systems, and directs parties to "confer and attempt to agree on computer-based and other digital discovery matters,"

(8) No formal discovery demands may issue pending the conference with the Court. Unless the parties stipulate otherwise or leave of Court is obtained, the case management order will limit the number of interrogatories, including subparts to 25 and depositions that each party may seek to 10.  <u>See</u> Fed. R. Civ. P. 26(b), 26(d).

(9) At the conference with the Court, all parties who are not appearing <u>pro se</u> must be represented by counsel who actually has full authority to bind their clients in all pretrial matters. Counsel must discuss the merits of the case and settlement with their client before the conference, and shall have full settlement authority when they attend the conference.  Clients or persons with authority over the matter shall be available by telephone.  Local Civil Rule 16.1(a)(3);

(10) At the conference scheduled herein, the Court will address scheduling of all motions. <u>No motions shall be filed without prior leave of the Court</u>.  If any motions have already been filed, immediately advise the Court in writing regarding the nature of the motions and the present status of same;

(11) Plaintiff(s) shall notify any party who hereafter enters an appearance of the conference scheduled herein and forward to that party a copy of this Order;

(12) The Court has implemented an electronic case filing system for all documents filed with the Clerk of Court.  Documents not filed electronically, but rather filed in the traditional manner

on paper must be accompanied by a disc or cd containing the document in PDF format.  Orders will be electronically filed.  Paper copies will be provided to pro se litigants and counsel who are not registered to file electronically.  Registered counsel will be notified via email when an order is filed but are responsible for retrieving and reviewing the contents.

  (13) To register as an electronic filer, obtain on-line training, and see policies and procedures, contact the Clerk's Office or visit the website at pacer.njd.uscourts.gov.  On-site training is also available and can be arranged by contacting 973-645-4439.

  (14) The parties shall advise the undersigned immediately if this action has been settled or terminated so that the above conference may be cancelled.

  (15) Failure to comply with the terms hereof may result in the imposition of sanctions; and

  (16) Communications to the Court by facsimile will not be accepted.  All communications to the Court shall be in writing or by telephone conference.


                /s/   Michael A. Shipp
              United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
|  | : | Civil Action No. |
| Plaintiff(s), | : |  |
| v. | : |  |
|  | : |  |
| Defendant(s). | : | JOINT DISCOVERY PLAN |

1. For each party, set forth the name of the party, attorney appearing, the firm name, address, e-mail address, telephone number and facsimile number. In addition, the lead counsel on each side should bring a business card which contains his/her e-mail address to the Rule 16 Scheduling Conference.

   _____
   _____
   _____
   _____
   _____
   _____
   _____

2. (a) Set forth a brief description of the case, including the causes of action and affirmative defenses asserted.

   _____
   _____
   _____
   _____

   (b) Is this a fee-shifting case?

   Yes _____   No _____

   If so, set forth legal authority.

   _____
   _____

3. Has this action been:  Settled_____  Discontinued_____

   If so, has there been a Stipulation/Dismissal filed?

   Yes _____   No _____

4. Have settlement discussions taken place?  Yes _____ No _____

   If so, when?_____
   (a) What was plaintiff's last demand?

       (1)    Monetary demand:  $_____
       (2)    Non-monetary demand: _____
   (b) What was defendant's last offer?

       (1)    Monetary offer: $_____
       (2)    Non-monetary offer:_____

5. Core discovery needed to be able to discuss settlement in a meaningful way:

   _____
   _____
   _____

6. The parties [have _____ -have not _____] exchanged the information required by Fed. R.Civ. P. 26(a)(1).  If not, state the reason therefor.

   _____
   _____
   _____

7. Explain any problems in connection with completing the disclosures required by Fed. R.Civ. P. 26(a)(1).

   _____
   _____
   _____
   _____

8. The parties [have _____ -have not _____] conducted discovery other than the above disclosures. If so, describe.

   _____
   _____
   _____

9. The parties [have \_\_\_\_\_ -have not \_\_\_\_\_] met pursuant to Fed. R. Civ. P. 26(f).

   (a) If not, state the reason therefor.

   _____

   _____

   _____

   (b) If so, state the date of the meeting and the persons in attendance.

   _____

   _____

   _____

10. The following [is \_\_\_\_\_ -is not \_\_\_\_\_] a proposed joint discovery plan.

    (a) Discovery is needed on the following subjects:

    _____

    _____

    _____

    (b) Discovery [should \_\_\_\_\_ -should not \_\_\_\_\_] be conducted in phases or be limited to particular issues. Explain.

    _____

    _____

    © Maximum of \_\_\_\_\_ interrogatories by each party to each other party.

    (d) Maximum of \_\_\_\_\_ depositions to be taken by each party.

    (e) Plaintiff's expert report due on _____.

    (f) Defendant's expert report due on _____.

    (g) Motions to amend or to add parties to be filed by _____.

    (h) Dispositive motions to be served within _____ days of completion of discovery.

    (I) All discovery to be completed by _____. (If there is a need for a liability expert and it is necessary to defer the completion of expert discovery beyond this deadline, please state the reason why and the proposed date for completion of expert discovery.)

    (j)    Set forth any special discovery mechanism or procedure requested, including data preservation

orders or protective orders:

_____
_____
_____

    (k)    A pretrial conference may take place on _____.

11.    Do you anticipate any discovery problem(s)? Yes ____ No ____

If so, explain.

_____
_____
_____
_____

12.    Do you anticipate any special discovery needs (i.e., videotape/telephone depositions; problems with out-of-state witnesses or documents, etc.)? Yes _____ No _____

If so, explain.

_____
_____
_____
_____
_____

13.    State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise), mediation (pursuant to Local Civil Rule 301.1 or otherwise), appointment of a special master or other special procedure.  If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

_____
_____
_____

14.    Is this case appropriate for bifurcation?  Yes ____ No ____

15.    An interim status/settlement conference (with clients in attendance), should be held during the month of _____, 200___.

16. We [do _____ do not _____] consent to the trial being conducted by a Magistrate Judge.

_____  _____
Attorneys for Plaintiff(s)                              Date

_____  _____
Attorneys for Defendant(s)                            Date