Marc S. Friedman
SNR Denton US LLP
101 JFK Parkway
Short Hills, NJ 07078
Telephone: (973) 912-7100
Facsimile:  (973) 912-7199

William M. Gantz
SNR Denton US LLP
233 S. Wacker Drive
Suite 7800
Chicago, Illinois  60606
(312) 876-2567
(312) 876-7934 (Facsimile)

*Attorneys for Defendant*
*Interactive Systems Inc., N.V.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOTTOTRON, INC.,<br><br>     Plaintiff,<br><br>v.<br><br>EH NEW VENTURES, INC., *et al.*,<br><br>     Defendants. | Civil Action No. 2:09-6387 (FSH) (PS)<br>Consolidated with:<br>Civil Action No. 2:09-4942 (FSH) (PS)<br><br>ELECTRONICALLY FILED |

## DEFENDANT INTERACTIVE SYSTEMS, INC. N.V.'S BRIEF IN SUPPORT OF ITS MOTION IN LIMINE NO. 2 TO BAR TESTIMONY THAT ANY TWO CASINO GAMES BY NAME RATHER THAN GAME TYPE ARE BASIS FOR LIABILITY

## TABLE OF CONTENTS

I.   INTRODUCTION ..................................................................................................................1

II.  CONCLUSION. ...................................................................................................................4

# **TABLE OF AUTHORITIES**

**Page(s)**

**OTHER AUTHORITIES**

www.sportsbetting.com .................................................................................................................... 1

## I.     INTRODUCTION

Throughout the pendency of this matter, Lottotron has maintained that the offending conduct of ISI which infringes the '865 patent is ISI's offering a "multiple game, online wagering format." (Second Amended Complaint, paragraph 22, attached as Exhibit A to Declaration of William M. Gantz.) The "multiple game" allegation stems from the fact the claims of the '865 patent all revolve upon a "plurality of different wagering formats."

Claim five and eight are those claims which are currently at issue in the case. Claim five is a means-plus-function claim, with a "message means" connected to a "communication means" for the purpose of "providing a series of messages requesting subscriber wagering information particular to one of the plurality of wagering formats." (Revised Pretrial Order, attached as Exhibit B to Declaration of William M. Gantz, pp. 3-4.)

In the first pretrial order submitted by these parties, plaintiff submitted the following legal issue:

Plaintiff's Contested Facts

Whether two or more games offered on ISI's accused www.sportsbetting.com website are equivalent to the "wagering format" limitation of claims 5 and 8 of the '865 patent, as that term has been construed.

(Pretrial Order dated 12/14/10, p. 2, . Section 6, attached as Exhibit D to Declaration of William M. Gantz.)

In the Revised Pretrial Order, Lottotron does not include in its contested fact section any information regarding the number of games or game types which is alleging that it must and will prove. Based upon discussions with counsel for Lottotron and the exchange of proposed jury instructions, it is evident that Lottotron will attempt to take the position that any two games by *name* rather than game *type* will satisfy the allegation of the presence of a "multiple game" wagering format being offered by ISI.

According to the plaintiff's contested facts, the types of ISI games which plaintiff intends to focus upon our scratch card games, video slot games, video poker games, and video blackjack games. (Revised Pretrial Order, pp. 5-7; Exh. B.) Noticeably, none of plaintiff's contested facts mention any particular game by name. At no time during the pendency of this case has plaintiff ever disclosed any opinion or allegation or contested fact keyed to the specific names of any of the different ISI games. Every disclosure, as is seen in the contested facts section, has been by game type.

Importantly, the "wagering formats" limitation which is the subject of the entire equivalence inquiry, has been construed in such fashion as it is clear that the wagering formats are delineated by game type and not name. "Wagering formats," as used in the asserted claims, names "that kind of lottery games that are available, such as Keno, Lotto, and 3- or 4- digit lotteries." (Revised Pretrial Order, p. 3). From the Figures of the '865 patent (and specifically Figure 3) the wagering formats as represented in the '865 are grouped by the number of digit process and not otherwise by name or other segregating feature. Plaintiff has stipulated that every use disclosed by the '865 patent involves the provision by a user of numbers to be played in a state lottery are Keno game Or excepting a random set of numbers to be played in a lottery be a "Quick Pick." (Revised Pretrial Order, p. 3.) It is plain from the use of the term wagering formats, the diagrams and the construction that "wagering formats" are types of game as opposed to games of the same type but skinned with different names and graphics.

Plaintiff's attempt to prove equivalents of the "wagering formats" by name rather than game type is simply further avoidance by plaintiff that the nature of the game type must be compared with the game types available and specified within the limitation of "wagering formats" in the '865 patent. Games under the same algorithm, structure and software but which

have different names and graphics are not truly games of a different type among themselves. They are referred to in the industry as "re-skins."

Plaintiff's expert Friedman recognized that each ISI game by name does not require its own algorithm because games by game type use the same algorithm but have different graphics on top of it in order in order to create different looking games which run the same way. These types of games are called re-skins:

> Q.   BY MR. GANZ:  All right. So with respect to the ISI games that you reviewed, do each one of the ISI games require their own algorithm?
>
> A.   Not exactly.
>
> Q.   Do each one of the ISI games require their own code to run on a computer over the Internet?
>
> A.   There are in several instances what are known as reskins.  That is the same underlying code algorithm, mathematics with different art or graphics o top of it; hence, the word "skin."  Examples would include several of the scratch tickets, several of the slot machines, that sort of thing.
>
> Q.   Okay.  And when you say reskinned, such as changing the graphics or the symbols that might come up in a different type of slot machine, correct?
>
> A.   Correct.
>
> Q.   So the underlying code for the game engine and the game inputs and the game rules, those would stay the same, but there would be some tweaking to make it look different?
>
> A.   Yes, that's what a reskin is.

(Friedman Dep. 53:15-54:10, attached as Exhibit E to Declaration of William M. Gantz.)

Also noticeable is that none of the opinions of plaintiff's expert, Mr. Stacy A. Friedman are expressly linked to a game by name.  Rather, Friedman appropriately refers to the games by type of game, when he says "of the remaining games, three are variations of blackjack (Blackjack Switch, Spanish Blackjack, and Blackjack Super 7s), three are variations of house-banked poker games (Free Ride, Showdown Poker, and Casino Hold'em").  (Friedman Report, p. 12, ¶ 27 attached as Exhibit C to the Declaration of William M. Gantz.)

It would be unfair and inconsistent with the requirement under the applicable doctrine of equivalents for Lottotron to prove liability by proving equivalents of one game type. Lottotron would be able to do this if it can hold out two or more re-skins of the same type again as meeting the multiple game or plurality requirements. Arguments, questions, and testimony which state or suggest that Lottotron need not prove the equivalence of more than one game type are inconsistent with the allegations of Lottotron, the disclosures of the expert, the claims of the '865 patent issue, the term "wagering formats" as construed and the previous positions taken by Lottotron concerning its proofs. Such a position, factually or legally, should not be allowed to be expressed before the jury.

## II.    CONCLUSION.

For the foregoing reasons, any testimony that any two casino games by name rather than game type are basis for liability should be excluded.

Date:  January 4, 2011                         Respectfully submitted,


                                                /s/ Marc S. Friedman
                                                Marc S. Friedman
                                                SNR Denton US LLP
                                                101 JFK Parkway
                                                Short Hills, NJ 07078
                                                Telephone: (973) 912-7100
                                                Facsimile:  (973) 912-7199

                                                /s/William M. Gantz
                                                William M. Gantz
                                                SNR Denton US LLP
                                                233 S. Wacker Drive
                                                Suite 7800
                                                Chicago, Illinois  60606
                                                (312) 876-2567
                                                (312) 876-7934 (Facsimile)

                                                *Attorneys for Defendant Interactive Systems Inc., N.V.*

-4-