Marc S. Friedman
SNR Denton US LLP
101 JFK Parkway
Short Hills, NJ 07078
Telephone: (973) 912 7100
Facsimile:  (973) 912 7199

William M. Gantz
SNR Denton US LLP
233 S. Wacker Drive
Suite 7800
Chicago, Illinois  60606
(312) 876-2567
(312) 876-7934 (Facsimile)

*Attorneys for Defendant
Interactive Systems Inc., N.V.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LOTTOTRON, INC.,<br><br>                      Plaintiff,<br><br>v.<br><br>EH NEW VENTURES, INC., *et al.*,<br><br>                     Defendants. | Civil Action No. 2:09-6387 (FSH) (PS)<br>Consolidated with:<br>Civil Action No. 2:09-4942 (FSH) (PS)<br><br>ELECTRONICALLY FILED |

**DEFENDANT INTERACTIVE SYSTEMS, INC. N.V.'S BRIEF IN SUPPORT OF ITS
MOTION IN LIMINE NO. 5 TO BAR TESTIMONY REGARDING ISI's REVENUES AS
IRRELEVANT AND PREJUDICIAL IN VIEW OF STIPULATION ON DAMAGES**

-i-

## TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................................. 1

II.  CONCLUSION ................................................................................................................. 3

## TABLE OF AUTHORITIES

**Page(s)**

**OTHER AUTHORITIES**

FRE 403 ................................................................................................................. 2

I.   **INTRODUCTION**

On December 14, 2010 the parties in this matter submitted a Final Pretrial Order which, among other things, listed exhibits the parties intended to introduce and evidence. (Final pretrial order dated December 14, 2010, attached as Exhibit A to declaration of William M. Gantz.) Plaintiff did not disclose any exhibits concerning ISI revenues related to its alleged infringing activities because the parties had reached a confidential damages stipulation such that the issue of damages was not to be tried. *Id* at 7.

On December 29, 2010, pursuant to the directions of the court, the parties submitted a revised final pretrial order which also included list of exhibits. (Revised Final Pretrial Order dated December 29, 2010, attached as Exhibit B to Declaration of William M. Gantz.) This time, plaintiff added exhibit PX12, ISI Revenue Summary 2008-2010. *Id.* Exhibit List, p.1 .)

Among the purposes for ISI's agreement to stipulate damages was the agreement that upon doing so the issue of its revenue or damages would not be a part of the trial and that issues which had been raised by plaintiff as concerns ISI's 30(b)(6) witness preparation would be resolved.  In addition, the information is confidential to ISI and was expressly marked as confidential under the applicable protective order.  The net agreement was that in exchange for the damages stipulation and the stipulation on affirmative defenses, was that ISI resolved any issues concerning the 30(b)(b) deposition and that ISI would not be required by Lottotron to furnish any further witnesses in discovery or bring any witness to trial.  That was all that was discussed between counsel.

Plaintiff now seeks to utilize the revenue information as evidence now because it has realized that its expert opinion lacks foundation with respect to the time period of infringement in the offering of ISI games. Mr. Friedman was retained in November of 2010. Mr. Friedman has no information concerning the time period any of the ISI games were offered, and he

assumed for purposes of his opinions that the ISI games which he observed on the accused website in November of 2010 when he was retained were offered by ISI during the relevant period of time for infringement purposes. (Friedman Dep. 44:11-23; 45:9-45:13., attached as Exhibit C to Declaration of William M. Gantz.)

On December 27, 2010, Lottotron first sought agreement by ISI that the "vintage of a game is irrelevant." (E-mail correspondence of Mr. Summerfield dated December 27, 2010, attached as Exhibit D to Declaration of William M. Gantz.)

Notably, plaintiff at no time issued any discovery to ISI designed to request historical information regarding what games were provided during any applicable alleged. Plaintiff's lack of preparation of its case is not an excuse for ISI to suffer prejudice from the disclosure of financial data and revenue in this case. Plaintiff has agreed would not be used. The jury's reciept of information that ISI had revenues and profit from 2008 forward without any other information in a case where the jury will not be instructed to make any decisions regarding damages will prejudice ISI. The jury will be forced to assume that ISI has conducted a profitable venture and had revenues. Moreover, the parties damages stipulation is not particular as to any particular type of game nor is the revenue summary. A redacted copy of the document which would be PX – 12 if allowed is attached hereto as Exhibit E to the Declaration of William M. Gantz.

In short, plaintiff has not disclosed any expert opinion or other evidence to this date concerning which games were offered what time. The revenue summary is at best circumstantial evidence that ISI offered games, but the context in which it will be delivered and the fact that it will be the only evidence in this entire case regarding any games being issued renders it more prejudicial than probative under FRE 403. There is also a significant disclosure problem because

no witness has been identified as testifying regarding revenues or damages and plaintiff expert, Mr. Stacy A. Friedman, has rendered no opinions based upon the Document.

Like plaintiff's assumption that the decision of equivalents could be carried out of vacuum, plaintiff has made other assumptions that are erroneous regarding the preparation of its case in its expert testimony. It is unfair for ISI to be prejudiced because of plaintiff's erroneous decisions.

## II.   CONCLUSION

PX – 12 should be barred. If not, excluded, it should only be allowed only in redacted formats attached, over ISI's objection.

For the foregoing reasons, any testimony regarding ISI's revenues should be excluded.

Date: January 4, 2011                               Respectfully submitted,

/s/ Marc S. Friedman
Marc S. Friedman
SNR Denton US LLP
101 JFK Parkway
Short Hills, NJ 07078
Telephone: (973) 912 7100
Facsimile:  (973) 912 7199

/s/ William M. Gantz
William M. Gantz
SNR Denton US LLP
233 S. Wacker Drive
Suite 7800
Chicago, Illinois  60606
(312) 876-2567
(312) 876-7934 (Facsimile)

*Attorneys for Defendant Interactive Systems Inc., N.V.*

14925621