# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| LOTTOTRON, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civ. No. 2:09-cv-04942 FSH-PS |
| | ) |
| v. | ) |
| | ) |
| EH NEW VENTURES INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REVISED FINAL PRETRIAL ORDER

This matter having come before the Court for a pretrial conference pursuant to Fed. R. Civ. P. 16: Kristine L. Butler and George C. Summerfield having appeared for plaintiff, and William Gantz having appeared for defendant, Interactive Systems Inc., NV ("ISI"); all counsel having been notified that:

(1)     a jury trial in this matter has been scheduled before Hon. Faith S. Hochberg on

January 11, 2011; and

(2)     the pretrial submissions detailed in ¶¶ 2,18 and 19 below are to be submitted no

later than January 4, 2011 or they will be deemed waived.

The following Pretrial Order is hereby entered:

1.     JURISDICTION. (Set forth specifically)  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338. There is no dispute as to personal jurisdiction.

2.     PENDING/CONTEMPLATED MOTIONS/TRIAL BRIEFS. (Set forth all pending or contemplated motions, whether dispositive or addressed to discovery or the calendar. Also set forth the nature of the motion and the return date. If the Court indicated that it would rule on any matter at pretrial, summarize that matter and each party's position. NOTE: ALL REMAINING PRE-TRIAL MOTIONS INCLUDING DAUBERT AND IN LIMINE MOTIONS SHALL BE FILED NO LATER THAN JANUARY 4, 2011, and any response shall be submitted no later than January 7, 2011. Only those motions listed herein will be entertained prior to trial.)

Lottotron has filed a motion *in limine* to disqualify ISI's expert, Ms. Melissa Blau.

Lottotron intends to file the following motions *in limine:*

to exclude any evidence from ISI regarding the absence of any limitation from the accused www.sportsbetting.com website other than "wagering formats"; and

to exclude any reference to this Court's summary judgment ruling on literal infringement before the jury.

ISI intends to file motions *in limine:*

to disqualify Lottotron's expert, Mr. Stacy Friedman, to otherwise limit his testimony, to bar hearsay statements of examiners allegedly made to Friedman in the course of his own patent prosecutions;

to bar testimony or argument that any two casino games by name rather than game type are basis for liability;

to bar evidence of events or data occurring after expiration of the '865 patent or subsequent to time of alleged infringement as alleged evidence of equivalence or knowledge of those skilled in the art;

to bar testimony or argument that the offering by a state lottery of a type of game is a basis for finding of equivalence;

to bar testimony regarding ISI revenues as irrelevant and prejudicial in view of stipulation on damages;

to bar testimony of inventors of '865 patent of their subjective intent or the intent of others concerning the '865 patent, including but not limited to intent to cover casino games or games of chance; and

to bar testimony or argument or opinion that games described in the patent are equivalent;

3.      STIPULATION OF FACTS. (Set forth in narrative form a comprehensive listing of all uncontested facts, including all answers to interrogatories and admissions, to which there is agreement among the parties.)

Plaintiff Lottotron, Inc. is the owner by assignment of U.S. Patent No. 5,921,865, entitled "Computerized Lottery Wagering System" (the "'865 Patent"). The patent was issued on July 13, 1999. The patent expired on March 6, 2010.

The "Background of Invention" statement in the '865 Patent sets forth the following problem, which the patented method is designed to address: "Typically, in the United States in order to play a state lottery either one physically goes to a designated state lottery agent to place a wager, or subscribes to a lottery service that plays daily or weekly their same lottery numbers for a fee." The '865 Patent is designed to make that process more convenient by permitting users of the patented system to place wagers in one or more lotteries remotely.

The inventors of the '865 patent recite in their specification that prior to their invention, a person in the United States desiring to play a state lottery must either physically go to a

-2-

designated state lottery agent or subscribe, for a fee, to a lottery service that plays their same numbers daily or weekly. The patentees of the '865 patent make clear that the purpose of their computerized lottery wagering system is to permit an individual to place a wager remotely without having to physically go to a lottery agent to place a wager. The inventors also describe their "invention" as a "lottery wagering system" and an automated system "for processing lottery wagers."

In every use disclosed by '865 patent, the user is either providing numbers to be played in a state lottery or Keno game, or accepting a random set of numbers to then be played in a lottery via "Quick Pick." In the Quick Pick process, the host first determines the lottery's profile from a master state lottery file, and if the state lottery was in New Jersey, for example, where the range of numbers is from 1 to 48, then it would utilize a random number generating routine to generate six unique numbers between 1 and 48 for each game.

Defendant Interactive Systems Inc. ("ISI") operates www.sportsbetting.com, a website that offers online gambling, including a wide variety of casino games.

Lottotron brings a claim for patent infringement against ISI, alleging that ISI infringes Claim 5 and Claim 8 of the '865 Patent by offering a "multiple game, on-line wagering format." ISI's website offers games, generally classified as "table games," "slot machines," "video poker," "scratch cards," and "more games," operated using a gaming software platform developed by Boss Media. The ISI Games at issue are those casino games offered by the accused www.sportsbetting.com website, which Plaintiff contends infringe the '865 patent, excluding live poker played against others. ISI denies infringement.

The website operated by ISI never sold or offered to sell state lottery tickets or other state lottery products offered or sponsored by lotteries of the states of the United States or any foreign state. None of the ISI Games involve a user submitting a 3 or 4 or 6 or 11 digit number (or using Quick Pick) to be played in a state lottery or an "associated lottery ticket" for a wager.

Claim 5 of the '865 patent is a system claim, the limitations of which are stated as follows:

A computer wagering system for automatically accepting wagers, comprising:

a) communications means for receiving incoming communications for making a wager;

b) message means connected to said communications means for receiving said incoming communications routed from said communications means and for providing a series of messages requesting subscriber wagering information particular to one of the plurality of wagering formats; and

c) computer means having storage means connected to said message means for receiving and storing said subscriber wagering information.

Claim 8 of the '865 patent is a method claim, the limitations of which are stated as follows:

-3-

Method for automatically accepting a plurality of different wagering formats over a computer system, comprising:

receiving incoming communications from prospective wagerers and routing each of said communications according to which one of said plurality of different wagering formats is requested by a subscriber;

providing a series of messages requesting subscriber wagering information particular to one or more of said plurality of wagering formats;

requesting identification information from said prospective wagerers; and

requesting said prospective wagerers to enter a wager.

The term "wagering formats," as used in the asserted claims of the "865 patent, means "the kind of lottery games that are available, such as Keno, Lotto, and 3- or 4- digit lotteries." The term "lottery" as used in the '865 patent refers strictly to the kinds of games typically available through state lotteries.

The term "wager" as used in the asserted claims of the "865 patent means the "risk of a sum of money.'

The term "subscriber" as used in the asserted claims of the "865 patent means one who wishes to enroll or wager with the system.

The term "subscriber wagering information particular to one or more of said plurality of wagering formats" as used in the asserted claims of the "865 patent means "wagering amount and game information (such as lottery numbers selected or quick pick selection) particular to one or more of the plurality of wagering formats."

The term "Prospective wagerer" as used in the asserted claims of the "865 patent means "a subscriber who accesses the computer system to enter one or more wagers."

"Identification information" as used in the asserted claims of the "865 patent means "information that identifies a prospective wagerer including an account number and a personal identification number."

The term "routing" as used in the asserted claims of the "865 patent means "(1) specifying the path for a subscriber's incoming message according to a characteristic of the incoming message; and (2) transmitting the incoming message on the specified path." Messages are "routed" if they arrive at a destination via a "routing" process as defined above.

The parties have stipulated that the accused www.sportsbetting.com website satisfies all of the limitations of Claims 5 and 8 of the '865 patent in suit, except, however, there is a dispute between the parties over whether the terms "lottery format," "lottery game format," "lottery game," "lottery ticket," and "lottery" as used in the '865 patent are the equivalent of the ISI

-4-

Games and whether the ISI Games are the equivalent of the "wagering formats" limitation of the asserted claims.  Plaintiff contends they are equivalent.  Defendant denies they are equivalent.

4.    JUDICIAL NOTICE.  The plaintiff does not ask the Court to take judicial notice of any facts in this matter.

5.    JUDICIAL NOTICE.  ISI does not ask the Court to take judicial notice of any facts in this matter.

6.    PLAINTIFF'S CONTESTED FACTS.  (Stated separately for each defendant.  Proof shall be limited at trial to the matters set forth below.  Failure to set forth any matter shall be deemed a waiver thereof.)

        A.    Plaintiff intends to prove the following contested fact with regard to liability:

            1.    Scratch card games are offered by the lotteries of 42 different states;

            2.    Winners on state lottery scratch card games are determined by revealing hidden symbols on a scratch card;

            3.    Different state lottery scratch card games have different themes, such as football, baseball, and poker;

            4.    Scratch card games were offered on the accused ISI Sportsbetting.com website as of March 2010;

            5.    Winners on ISI's scratch card games are determined by revealing hidden symbols on a scratch card;

            6.    Different ISI scratch card games have different themes, such as football, baseball, and poker;

            7.    ISI's scratch card games are intended to replicate the kind of scratch card game available from a state lottery;

            8.    The scratch card games offered by ISI are identical to, or insubstantially different from, the scratch card games offered by state lotteries;

            9.    Video slot games are offered by the lotteries of eight states;

            10.    Winners on state lottery video slot games are determined by combinations of symbols that appear on a video screen;

-5-

11.    Video slot games were offered on the accused ISI Sportsbetting.com website as of March 2010;

12.    Winners on ISI's video slot games are determined by combinations of symbols that appear on a video screen;

13.    ISI's video slot games are intended to replicate the kind of video slot game available from a state lottery;

14.    The video slot games offered by ISI are identical to, or insubstantially different from, the video slot games offered by state lotteries;

15.    Video poker games are offered by the lotteries of eight states;

16.    Winners on state lottery video poker games are determined by a wagerer's final poker hand after receiving five initial cards, replacing between zero and five of the initial cards with replacement cards;

17.    Video poker games were offered on the accused ISI Sportsbetting.com website as of March 2010;

18.    Winners on ISI's video poker games are determined by a wagerer's final poker hand after after receiving five initial cards, replacing between zero and five of the initial cards with replacement cards;

19.    The video poker games offered by ISI are identical to, or insubstantially different from, the video poker games offered by state lotteries;

20.    ISI's video poker games are intended to replicate the kind of video poker game available from a state lottery;

21.    Video blackjack games are offered by the lotteries of seven states;

22.    Winners on state lottery video blackjack games are determined by the wagerer's final hand total relative to the computerized dealer's final hand total, according to the traditional rules of blackjack;

23.    ISI's accused Sportsbetting.com website offered different video blackjack games as of March 2010;

24.    Winners on ISI's video blackjack games are determined by the wagerer's final hand total relative to the computerized dealer's final hand total, according to the traditional rules of blackjack;

-6-

25. The video blackjack games offered by ISI are identical to, or insubstantially different from, the video blackjack games offered by state lotteries;

26. ISI's video blackjack games are intended to replicate the kind of video blackjack game available from a state lottery; and

27. Stacy Friedman is an expert in the design, development, and operation of lottery games and online casino games.

B. Plaintiff intends to prove the following contested facts with regard to damages: (This must include each item of damages, the amount of each item, the factual basis for each item and, if punitive damages are claimed, the facts upon which plaintiff will rely to establish punitive damages.)

As the parties have reached a confidential damages stipulation to be applicable only in the event of a determination of liability, there are no contested facts with regard to damages.

C. Defendant objects to plaintiff's facts as follows:

that the facts, even if proven, are insufficient to support a finding in favor of plaintiff, and are therefore incomplete;

that the facts stated ignore the function, way, and result or any structural aspect of the accused ISI games as required by law in order to assess insubstantial difference;

there is no reference to or identification of a person of ordinary skill in the art;

that the fact of offering by a state lottery of a type of game does not support a finding of equivalence as a matter of law as no such abstract test of equivalence is supported;

that plaintiff's facts ignore the operative allegations of the complaint which allege that the ISI that ISI infringes Claim 5 and Claim 8 of the '865 Patent by offering a "multiple game, on-line wagering format," that system Claim 5(b) reflects a system including a "message means … providing a series of messages requesting subscriber wagering information particular to one of the *plurality* of wagering formats," that method Claim 8 claims a method "for automatically accepting a *plurality* of different wagering formats," such that Plaintiff must prove a plurality of game types equivalent to the "wagering formats" were maintained on the accused website during the alleged period of infringement;

-7-

that items 3 and 6 above are irrelevant and misleading in particular as plaintiff must prove a plurality of infringing game types to be equivalent, not different simply different games by name among a game type;

the ISI Games cannot be 'identical' as the court has already ruled that the ISI Games do not literally infringe the claimed "wagering formats" and such instruction or issue would be appropriate only if multiple limitations were at issue (Items 8,14,19,25);

the names and monikers ascribed to the ISI Games lack foundation, lack disclosure, particularly the addition of the term "video," which is designed to confuse online gaming with land-based video terminals (Items 11-14, 19-20, 23-26), the ISI Games should be identified by name and type;

Items 2,3,7,8,9,10,13-16,18-26 are objected to on hearsay, foundation, and lack of disclosure grounds with any witness;

Intent of an alleged infringer is irrelevant under the doctrine of equivalence (Items 7,13,20);

Lack of time period identified for infringment or alleged data supporting alleged equivalence;

Stacy Friedman is neither expert in lottery nor online gaming, FRE 702.

7.    DEFENDANT'S CONTESTED FACTS.  Stated separately for each plaintiff.  Proof shall be limited at trial to the matters set forth below.  Failure to set forth any matter shall be deemed a waiver thereof.

A.    Defendant intends to prove the following contested facts with regard to liability:

1.    That the '865 patent, and specifically system Claim 5, represents a system for remote sales of state lottery tickets to subscribers;

2.    That the '865 patent, and specifically method Claim 8, represents a method for remote sales of lottery tickets to subscribers;

3.    That the '865 patent, and specifically system Claim 5 and method Claim 8,  teach a wagering platform which requests and routes messages that are *particular* to each wagering format;

4.    That the '865 patent, and specifically system Claim 5 and method Claim 8, teach a wagering platform which requests and routes messages that are particular to a *plurality* of wagering formats;

5.    Using the patented method "an individual accesses the system remotely to enroll with the system by setting up an account and

-8-

establishing a credit balance for wagering, then selects a lottery game to play, and finally places a lottery wager for the selected game using the balance.[1]

6.    The Summary of Invention describes a "lottery wagering system" comprised of four processes. The first process is an automatic call director ("ACD") means for receiving calls from subscribers and enrollees.[2]

7.    The second process is a voice responsive means (an "enrollment VRU") for taking enrollment information.[3]

8.    The third process is another voice responsive means (a "wagering VRU") which allows the user to "input" their user identification number, "a particular lottery game format chosen from a plurality of lottery game formats available," and "lottery numbers" and which allows for an audio confirmation message to be played "with an associated lottery ticket number assigned to the lottery wager." A VRU "welcomes the subscriber to the lottery wagering system" and "places a wager for the subscriber based on information elicited from them over the telephone including an account number, personal ID number, the particular state lottery of interest, the particular lottery format of interest, such as 6-Digit lotto, 'Keno', 3-Digit lotto, the type of wager, 'Quick-Pick' or "personal Numbers", and a betting amount." The wagering VRU plays from a defined script. For interstate wagering, the VRU plays the script for Lottery Selection to the subscriber. Once the subscriber makes their lottery selection the VRU plays the script for Game Selection. In the Game Selection script, the VRU presents the subscriber with the various lottery games available within the selected lottery. On an intrastate basis it presents the games available within the state from which the call initiated.[4]

9.    The fourth and final process in the lottery wagering system is a host processor means which allows for storage of subscriber enrollment information, subscriber wager information and a "master subscriber lottery wager file" to which the "associated lottery ticket number for the wager" is assigned.[5]

---

[1]   This fact is admitted by Plaintiff, but Plaintiff objected to its inclusion in Section 3 of this Order. Defendant submits that this is an admitted fact which should be presented to the jury to the extent Section 3 is intended or used by the court as a preliminary instruction. Plaintiff objects to such use.

[2]   See FN 1.

[3]   See FN 1.

[4]   See FN 1.

[5]   See FN 1.

10. The '865 patent (Computerized Lottery Wagering System) and both Claims 5 (computerized wagering system) and Claim 8 (method for accepting a plurality of different wagering formats over a computer system) would be viewed by one of ordinary skill in the art as requiring computers, hardware devices and software for the '865 system to work;

11. For the purpose of the '865 patent, "one of ordinary skill in the art" is someone accustomed to running or operating casino games or lottery games, is knowledgeable on how casino games and lottery games work and the way players play them, and is experienced in creating new games.

12. That one of ordinary skill in the art would view the wagering platform claimed by the '865 patent to be comprised of computer hardware, devices, and software containing specific computer code allowing for functionality of the platform and interactivity with each type of wagering format;

13. That one of ordinary skill in the art would view the "wagering formats" claimed by the '865 patent to be comprised of computer software containing specific computer code and graphics allowing for functionality of each type of wagering format on devices and for communication and operation with the wagering platform of the '865 system;

14. That one of ordinary skill in the art would view the accused ISI Games to be comprised of computer software containing specific computer code and graphics allowing for functionality of each type of ISI Game and operation with the wagering platform of the for communication and operation within the system;

15. The platform of the '865 system disclosed to be capable of accepting wagers on the games is able to accept wagers because of specific code architecture and specific coding;

16. In order to accommodate a wager on a different game a new module to handle that game must be built;

17. The module is software, which is built by someone writing code.

18. That each of the wagering formats requires its own code to function, "end to end;"

19. That the process of placing a wager on the '865 system is a function of the software and the communication of the devices so that the player can use the system;

-10-

20. That the option presented to the subscriber to select numbers for each of the wagering formats requires specific software comprised of computer code;

21. That the option presented to the subscriber to select "Quick Pick" for numbers to be randomly generated for each of the wagering formats requires specific software comprised of computer code;

22. The '865 patent is written in means plus function language;

23. Each game is a function of the rules of the game, the game engine, the game odds, the type of wagers allowed, and the end result, all of which must be implemented through the writing of computer code and design of code architecture;

24. That one of ordinary skill in the art would recognize that the function of taking the betting information from the player in the '865 system requires data from the wagering format in terms of the numbers required to run the game and the amount of the wager, and the computers and the systems involved for this entire system to run have to be able to recognize the data points, ask for the data points, and act upon the data points.

25. That one of ordinary skill in the art would know that in order for a computer to put something on the screen or to process information, someone has to write software.

26. That one of ordinary skill in the art would view Claim 8 of the '865 patent as requiring integration of a wagering format with the computer system,

27. That one of ordinary skill in the art would view Claim 5 of the '865 patent as requiring that the system tailor requests for wagering information particular to a specific wagering format.

28. Shortly after filing its patent application that issued as the '865 patent, Lottotron filed a preliminary amendment (7/14/98 Preliminary Amendment) in which it submitted new claims, including system claim 6 and independent method claims 9 and 25, which ultimately issued in amended form as claims 5, 8 and 24 of the '865 patent. The U.S. Patent & Trademark Office ("PTO") Examiner rejected the pending claims (9/17/98 Office Action), including claims 6, 9 and 25, as anticipated by or obvious in view of prior art.  In response to the rejection, Lottotron amended (11/9/98 Amendment) claims 6, 9 and 25 to add the step of "routing each of said communications according to which one of said plurality of different wagering formats is requested by a

-11-

subscriber." In response to the amendment, the Examiner allowed (1/26/99 Notice of Allowability) the amended versions of claims 6, 9 and 25.[6]

29. As the Examiner noted during prosecution of the '865 patent in an Office Action, simply increasing the variety of gaming formats would be obvious.[7]

30. This Office Action was incorporated into the prosecution of the application that led to the '865 patent.[8]

31. That the variety of gaming formats which would have been obvious to add at the time of issuance of the '865 patent would have included the types of games represented by the ISI Games;

32. That the addition of the ISI Games to a wagering platform would have been obvious to one of ordinary skill in the art at any time pertinent;

33. Persons of ordinary skill in the art of internet gambling view casino games as a separate and different from offering lottery tickets for sale on the internet;

34. Persons of ordinary skill in the art of internet gambling view casino games of chance as a different offering and different product from number drawing games;

35. That the ISI Games offered on ISI's accused www.sportsbetting.com website are not equivalent to the "wagering formats" limitations of claims 5 and 8 of the '865 patent to one of ordinary skill in the art, where such "wagering formats" are defined as "the kind of lottery games that are available, such as Keno, Lotto, and 3- or 4- digit lotteries.

36. That the ISI Games are substantially different from the wagering formats to one of ordinary skill in the art.

37. In order for the ISI Games to function in a manner equivalent to the wagering formats, structural alterations which are substantial and not trivial would be required in the viewpoint of one of ordinary skill in the art;

38. To one of ordinary skill in the art, the ISI Games on the accused website do not perform substantially the same function in

---

[9]   See FN 1.

-12-

substantially the same way to obtain the same result as the claimed wagering formats;

39.  That the ISI Games are not interchangeable in the '865 system with the "wagering formats" claimed by the '865 patent;

40.  That the ISI Games were developed independently from the '865 system or the "wagering formats"

41.  That the ISI Games were not designed around the '865 system or the "wagering formats"

42.  That the ISI Games were not copied from the '865 patent or the "wagering formats."

43.  The court has ruled that defendant's offering of the ISI Games does not literally infringe the '865 patent. [9]

44.  Mr. Stacy Friedman is not an expert in the design, development or operation of online gambling games or lottery, and is not someone accustomed to running or operating casino games or lottery games, is knowledgeable on how casino games and lottery games work and the way players play them, and is experienced in creating new games, and therefore knowledgeable as a person of "ordinary skill in the art; and

45.  Ms. Melissa Blau is someone accustomed to running or operating casino games or lottery games, is knowledgeable on how casino games and lottery games work and the way players play them, and is experienced in creating new games, and therefore knowledgeable as a person of "ordinary skill in the art;"

B.  Defendant intends to prove the following contested facts with regard to damages: (This statement must include the factual basis for each defense against plaintiff's claims for damages)

As the parties have reached a confidential damages stipulation, there are no contested facts with regard to damages.

C.  Plaintiff objects to defendant's contested facts as follows:

On grounds of relevance, Nos. 1-10, 12-34, 37, & 38;

On grounds of undue prejudice, No. 43; and

On Fed. R. Evid. 702 grounds, No. 45.

-13-

8.    PLAINTIFF'S WITNESS. (Aside from those called for impeachment purposes, only the witnesses whose names and addresses are listed below will be permitted to testify at trial and addresses are listed below will be permitted to testify at trial.)

      1.    On liability plaintiff intends to call the following witness who will testify in accordance with the following summary:

                Joseph Fiscella
                207 Lodi Street
                Hackensack, New Jersey 07601

          Mr. Fiscella's testimony will be directed to the background of the invention underlying the '865 patent.  ISI has no objection to Lottotron calling Mr. Fiscella as a witness, but reserves all trial objections concerning foundation and relevance.

      2.    On damages plaintiff intends to call the following witnesses who will testify in accordance with the following summaries"

          None

      3.    Defendant does not object to plaintiff's witness, but reserves all trial objections concerning foundation and relevance and compliance with orders *in limine*, objects to hearsay statements of the Examiner of other persons, objects to testimony of the patentee concerning his subjective intent or the intent of others, including but not limited to including games of chance or casino games.

9.    DEFENDANT'S WITNESSES. Aside from those called for impeachment purposes, only the witnesses whose names and addresses are listed below will be permitted to testify at trial and addresses are listed below will be permitted to testify at trial.)

      1.    On liability defendant intends to call the following witness who will testify in accordance with the following summary:

                Joseph Fiscella
                207 Lodi Street
                Hackensack, New Jersey 07601

          Mr. Fiscella's testimony will be directed to the background of the invention underlying the '865 patent, the specifications and embodiments of the '865 patent, Claims 5 and 8 of the '865 patent, certain Office Actions, the notice of allowability, the context of the wagering platform pertaining to acceptance and processing of the wagers on different particular wagering formats, prior affiliated patents and aspects of the prosecution relevant to the purpose of the invention and the use of the terms lottery and wagering format.

-14-

2.    On damages defendant intends to call the following witnesses who will testify in accordance with the following summaries"

None

3.    Plaintiff objects to any examination of Mr. Fiscella having to do with the reasons for allowability of the asserted claims on the grounds of relevance and foundation. Lottotron further objects to any examination of Mr. Fiscella regarding patents other than the patent in suit on the ground of relevance.

10.    **EXPERT AND SPECIALIZED LAY WITNESSES.** (No expert or specialized lay witness offering scientific, technical, or other specialized knowledge will be permitted to testify unless listed below. A summary of the expert's qualifications and a copy of his/her expert report must be provided for the Court's review at the pretrial conference. Said summary shall be read into the record at the time he/she takes the stand, and no opposing counsel shall be permitted to question his/her qualifications unless the basis of the objection is set forth herein.)

1.    Plaintiff's expert and specialized lay opinion witness is Stacy Friedman.

2.    Defendant's objections to the qualifications of plaintiff's expert and specialized lay opinion witnesses are:

ISI objects to Mr. Friedman's testimony as being irrelevant to assisting the trier of fact under FRE 702, and having ignored that the "wagering formats" at issue and the '865 computerized system in which they must operate are comprised of software and code he therefore ignored the function, way, and result of both the wagering formats and the accused ISI Games. The tests for equivalence used by Friedman are improper under Daubert. Friedman also fails to based his opinions on any defined period of infringment.

3.    Defendant's expert and specialized lay opinion witness is Melissa Blau.

4.    Plaintiff's objections to the qualifications of defendant's expert and specialized lay opinion witnesses are:

Ms. Blau testified that she was expert neither in lotteries nor in the actual design of online casino games. As Ms. Blau is being asked to opine regarding the equivalence of one to the other, she is unqualified to do so.

11.    **PLAINTIFF'S DEPOSITIONS.** (List by page and line, all deposition testimony to be offered into evidence. All irrelevant and redundant matters and all colloquy between counsel must be eliminated, unless ruled relevant. Deposition testimony to be used solely for impeachment purposes need not be listed.)

-15-

1.   On liability plaintiff intends to read into evidence the following:

Fry Dep. Tr. 9:5-9; 87:23-88:13; 93:14-17; 94:21-95:18; 96:19-97:23

2.   On damages plaintiff intends to read into evidence the following:

None.

3.   Defendant does not object to the deposition testimony set forth above.

12.   **DEFENDANT'S DEPOSITIONS.** (List by page and line, all deposition testimony to be offered into evidence. All irrelevant and redundant matters and all colloquy between counsel must be eliminated, unless ruled relevant. Deposition testimony to be used solely for impeachment purposes need not be listed.)

1.   On liability defendant intends to read into evidence the following:

Fry Dep. Tr. 47:20-22; 82:13-83:23; 89:21-90:2; 90:22-91:5; 91:22-93:13; 106:14-23; 107:4-22; 126:8-11; 126:14-22

2.   On damages defendant intends to read into evidence the following:

None.

3.   Plaintiff objects to the deposition testimony set forth above for the reasons stated:

Fry Dep. Tr. 82:13-83:23; 89:21-90:2; 90:22-91:5; 126:8-11; 126:14-22 all on relevance grounds

13.   **PLAINTIFF'S EXHIBITS.** (Except for exhibits the need for which could not reasonably have been foreseen or which are used solely for impeachment purposes, only the exhibits set forth on the exhibit list reproduced below may be introduced at trial. Any objection to an exhibit, and the reason for said objection, must be set forth below or it shall be deemed waived. All parties agree that it will not be necessary to bring in the custodian of any exhibit as to which no such objection is made.)

1.   Plaintiff intends to introduce into evidence the exhibits in the list attached hereto and listed below (list number with a description of each exhibit):

PX1      '865 Patent

PX2      '865 Patent Prosecution

PX3      U.S. App. Ser. No. 08/781,609, Office Action (April 8, 1998)

PX4      Stacy Friedman *Curriculum Vitae*

-16-

| PX5 | Excerpt from http://www.ballytech.com/Company-Information/history/the-modern-era.html |
| PX6 | Page 223 from Fey, M., Slot Machines: America's Favorite Gaming Device |
| PX7 | Table summarizing games offered by State lotteries |
| PX8 | The parties' stipulation on liability |
| PX9 | ISI's Responses to Lottotron's First Set of Requests to Admit (Fry Dep. Ex. 7) |
| PX10 | Screen shot of http://www.sportsbetting.com/help/faq/casino.html#2 (Fry Dep. Ex. 8 |
| PX11 | Screen shots of www.sportbetting.com EndZone and Texas Hold 'Em scratch games |
| PX12 | ISI Revenue Summary 2008-2010 |
| PDX 1 | Highlighted enlargement of claim 5 |
| PDX 2 | Highlighted enlargement of claim 8 |
| PDX3 | Comparison of scratch card games |
| PDX4 | Comparison of how to play scratch card games |
| PDX5 | Comparison of video lottery terminals to ISI's Cosmic Cash video slot |

2. Defendant objects to the introduction of plaintiff's exhibits (set forth number of exhibit and grounds for objection):

PX2 is the entire patent prosecution file, which should not be admitted. As a May 2011 trial date was originally contemplated, Plaintiff has ordered and does not possess an entire certified record of the prosecution file at this time. Accordingly the parties have agreed to refer to the prosecution file generally and to reserve objections concerning relevance or prejudice at trial, and will confer as soon as the prosecution file becomes available.

Relevance: PX4, PX5, PX6, PX7, PX8, PX9, PX12, PDX3, PDX4, PDX5

Foundation and Hearsay: PX4, PX5, PX6, PX7, PDX3, PDX4, PDX5

More Prejudicial than Probative: PX12

14. DEFENDANT'S EXHIBITS. (Except for exhibits the need for which could not reasonably have been foreseen or which are used solely for impeachment purposes, only the exhibits set forth on the exhibit list reproduced below may be introduced at trial. Any objection to an exhibit, and the reason for said objection, must be set forth below or it shall be deemed waived. All parties agree that it will not be necessary to bring in the custodian of any exhibit as to which no such objection is made.)

1. Defendant intends to introduce into evidence the exhibits in the list attached hereto and listed below (list number with a description of each exhibit):

| | |
|---|---|
| DX1 | Lottotron's '865 Patent |
| DX2 | '865 Patent Prosecution |
| DX3 | Lottotron's '416 Patent |
| DX4 | Lottotron's '047 Patent |
| DX5 | Lottotron's '619 Patent |
| DX6 | U.S. App. Ser. No. 08/781,609, Office Action (April 8, 1998) |
| DX7 | U.S. App. Ser. No. 08/781,609, Preliminary Amendment (Jan. 16, 1997) |
| DX8 | U.S. App. Ser. No. 09/115,774 Response to Office Action(Jan. 16, 1997) |
| DX9 | U.S. App. Ser. No.09/115,774, Office Action (September 17, 1998) |
| DX10 | U.S. App. Ser. No. 09/115,774 Office Action (September 24, 1998) |
| DX11 | U.S. App. Ser. No. 09/115,774 Response to Office Action and Amendment (November 9, 1998) |
| DX12 | U.S. App. Ser. No. 09/115,774 Notice of Allowability (January 26, 1999) |
| DX13 | U.S. App. Ser. No. 08/751,902, Office Action (November 17, 1998) |

-18-

| DX14 | Screen shots of www.sportbetting.com Black Jack, Roulette, Pachinko, Video Poker, Slots |
| DX15 | Melissa Blau *Curriculum Vitae* |
| DX16 | Lottotron's Responsive Statement of Facts in Support of its Opposition to Motion for Summary Judgment |
| DX17 | Lottotron's Initial Infringement Contentions |
| DX18 | Amtote On-Track Specification for Automated Telephone Betting System (April 1987) |
| DX19 | J. Scagnelli Memo dated January 12, 1988 (Fiscella Dep. Exh. 4) |
| DX20 | J. Scagnelli Sales Memo (Fiscella Dep. Exh. 7) |
| DX21 | U.S. App. Ser. No. 07/489,814, Office Action (March 11, 1991) (L00311-315) |
| DX22 | U.S. App. Ser. No. 08/751,902, Office Action (November 10, 1998) |
| DDX1 | '865 Patent - Figures |
| DDX2 | '865 Patent -Col 1, Col 2, Col 3, Col 5, Col 6 |
| DDX3 | Highlighted enlargement of Claim 5 inserting definition of wagering format |
| DDX4 | Highlighted enlargement of Claim 8 inserting definition of wagering format |

2.    Plaintiff objects to the introduction of defendant's exhibits (set forth number of exhibit and grounds for objection):

Relevance: DX3, DX4, DX5, DX13, DX16-22

Foundation and Hearsay: DX14

Plaintiff has not yet reviewed DDX 1-4, but has no objection thereto based upon the defendant's description thereof. However, plaintiff reserves the right to object thereto upon review thereof.

(COPIES OF EXHIBITS ARE TO BE MADE FOR OPPOSING COUNSEL, AND A BENCH BOOK OF EXHIBITS IS TO BE DELIVERED TO THE JUDGE AT THE START OF TRIAL. IF COUNSEL DESIRES TO DISPLAY EXHIBITS TO THE JURY, SUFFICIENT COPIES

1474495-1

SHOULD BE AVAILABLE TO PROVIDE EACH JUROR WITH A COPY; ALTERNATIVELY, ENLARGED PHOTOGRAPHIC OR PROJECTED COPIES MAY BE USED.)

15.   PLAINTIFF'S LEGAL ISSUE.

Whether or not the plaintiff has proven infringement under the doctrine of equivalents.

16.   DEFENDANT'S LEGAL ISSUE.

Whether or not the plaintiff has proven infringement under the doctrine of equivalents."

17.   MISCELLANEOUS.

Set forth any other matters which require action by, or should be brought to the attention of the Court:

1.   Lottotron and ISI and have agreed to be bound for all purposes by the prior claims constructions of the '865 patent found in the decisions of the U.S. District Court in *Lottotron, Inc. v. Scientific Games Corp.*, No. 03 Civ. 0920, 2003 U.S. Dist. LEXIS 15507 (S.D.N.Y. Sept. 9, 2003) and *Lottotron, Inc. v. GTECH Corp.*, No. 05-4562, 2007 U.S. Dist. LEXIS 82579 (D.N.J. Nov. 7, 2007).  The claims constructions for terms found in Claims 5 and 8 of the '865 patent are set forth in Section 3 of this Order.

2.   Lottotron is only asserting infringement of claims 5 and 8 of the '865 patent in this matter.

3.   This Court's summary judgment ruling on the issue of infringement resolved the issue of literal infringement in favor of ISI, such that the offering of the ISI Games do not literally infringe the '865 patent.

4.   ISI has withdrawn all affirmative defenses and counterclaims except however that ISI maintains the affirmative defense of non-infringement.

5.   The parties have stipulated that the only remaining issue to be tried is whether the ISI games offered on the accused www.sportsbetting.com are equivalent to the "wagering formats" limitation of the asserted claims, construed as "the kind of lottery games that are available, such as Keno, Lotto, and 3- or 4- digit lotteries."

6.   The parties have reached a confidential damages stipulation such that the issue of damages is not to be tried.

7.   The parties will provide to the Court their competing jury instructions, with authorities, on the issue of doctrine of equivalents on or before December 28, 2010.

8.   The parties agree that games or systems on the ISI website www.sportsbetting.com for wagering on the outcome of sports, horse racing, car racing or other such events do not infringe the '865 patent. Games or systems on the ISI website www.sportsbetting.com for wagering on live poker played against other persons with a dealer do not infringe the '865 patent.

9.   The Plaintiff and Defendant mutually agree that the parties and their witnesses and counsel shall not introduce evidence, elicit testimony, make arguments or reference to the following at trial or in proceedings before the jury:

a.   the legality of online gambling offered through the www.sportsbetting.com website;

b.   games and activities offered by on the accused website which do not infringe the '865 patent, to wit: betting on sports, vehicle racing, horse racing and bets on events or contests; betting on live poker, i.e. poker played against other players.

c.   location and size of law firms representing the parties;

d.   to bar extrinsic evidence or dictionary definition of meaning of the term "lottery" and "wagering format," for use or argument inconsistent with the findings of the Court, including reference or argument that "lottery" as used in the '865 patent means games of chance; and

e.   to bar hearsay statements of examiners allegedly made to Fiscella or Scagnelli or their patent counsel in the course of patent prosecutions.

18.   JURY TRIALS. The following is to be submitted to the Court no later than January 4, 2011.

1.   Each side shall submit to the Judge and to opposing counsel a trial brief or a memorandum in accordance with Local Rule 7.2, with citations to authorities and arguments in support of its position on all disputed issues of law. In the event that a brief shall not be filed, the delinquent party's complaint or defense may be stricken.

2.   With the exception of the jury instructions identified in section 17(H), herein, counsel shall submit jointly to the Court a single set of: proposed preliminary and final jury instructions as to which the parties are in agreement. Counsel for each party shall also submit to the Judge, with a copy to opposing counsel, written requests for additional instructions to the jury, *only* as to which the parties certify they have not been able to agree. Supplemental requests for instructions as to the facts or legal issues that could not have been anticipated before trial may be submitted at any time prior to argument to the jury. All requests for instructions shall be

-21-

plainly marked with the name and number of the case, shall contain citations of supporting authorities, if any, and shall designate the party submitting same. In the case of multiple requests by a party, these shall be numbered in sequence and each request shall be on a separate sheet of paper.

3.    If any hypothetical questions are to be put to an expert witness on direct examination, these shall be submitted to the Judge and to opposing counsel.

4.    Counsel shall jointly submit to the Court a single set of proposed *voir dire* questions as to which the parties are in agreement. Counsel shall also submit to the Judge, with a copy to opposing counsel, any additional proposed *voir dire* as to which the parties certify that they have not been able to reach agreement.

5.    Counsel shall submit to the Court a single proposed special verdict sheet.

6.    Three copies of the joint exhibit list and two joint bench books of trial exhibits shall be submitted to the Court.

7.    Counsel shall provide the Court with a copy of the jury instructions and proposed verdict sheet on a computer disk in a WordPerfect readable format.

19.    NON-JURY TRIALS. Not Applicable.

20.    TRIAL COUNSEL. (List the names of trial counsel for all parties.)

    A.    For Plaintiff:

        George C. Summerfield
        Kristine L. Butler
        Stephen R. Pedersen

    B.    For ISI:

        William M. Gantz

21.    BIFURCATION. (Where appropriate, the issues relating to liability shall be severed and tried to verdict. Thereafter, all issues relating to damages shall be tried.)

The issues of damages SHALL NOT be tried separately, as there are no remaining damage issues for trial.

22.    ESTIMATED LENGTH OF TRIAL.

-22-

Two days of liability and no days for damages.

AMENDMENTS TO THIS PRETRIAL ORDER WILL NOT BE PERMITTED UNLESS THE COURT DETERMINES THAT MANIFEST INJUSTICE WOULD RESULT IF THE AMENDMENT IS DISALLOWED.  THE COURT MAY FROM TIME TO TIME SCHEDULE CONFERENCES AS MAY BE REQUIRED EITHER ON ITS OWN MOTION OR AT THE REQUEST OF COUNSEL.

**/s/ Kristine L. Butler**

Kristine L. Butler, Esquire
Michael F. Snyder, Esquire
Ryan W. O'Donnell, Esquire
VOLPE AND KOENIG, P.C.
United Plaza
30 South 17th Street
Philadelphia, Pennsylvania 19103
Facsimile: (215) 568-6499

George C. Summerfield
Stephen R. Pedersen
STADHEIM & GREAR
400 North Michigan Avenue
Suite 2200
Chicago, Illinois 60611
Facsimile:  (312) 755-4408
*Attorneys for Plaintiff Lottotron, Inc.*

-23-

**/s/Marc S. Friedman**
Marc S. Friedman
SNR Denton US LLP
101 JFK Parkway
Short Hills, NJ 07078
Facsimile:  (973) 912 7199


**/s/William M. Gantz**
William M. Gantz
SNR Denton US LLP
233 S. Wacker Drive
Suite 7800
Chicago, Illinois  60606
Facsimile:      (312) 876-7934

*Attorneys for Defendant Interactive Systems Inc., N.V.*


Date: _____

_____
PATTY SHWARTZ
United States Magistrate Judge

14925101

-24-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

LOTTOTRON, INC. v. EH NEW VENTURES INC., et al.

Civil Action No. 2:09-cv-04942 FSH-MAS

## EXHIBIT LIST

| Trial Exhibit # | Deposition Exhibit # | Offered By | Bates Range | Description of Document | Plaintiff's Objections | Defendant's Objections | Prior Rulings Re: Exhibit | Date Offered into Evidence | Date Admitted into Evidence |
|---|---|---|---|---|---|---|---|---|---|
| PX1 | | Plaintiff | | '865 Patent | | | | | |
| PX2 | | Plaintiff | L 000001-L 000198 | '865 Patent Prosecution | | Prosecution File Unavailable | | | |
| PX3 | | Plaintiff | L 001510-L 001522 | U.S. App. Ser. No. 08/781,609, Office Action (April 8, 1998) | | | | | |
| PX4 | | Plaintiff | | Stacy Friedman *Curriculum Vitae* | | Relevance; Foundation and Hearsay | | | |
| PX5 | | Plaintiff | | Excerpt from http://www.ballytech.com/ Company-Information/history/the-modern-era.html | | Relevance; Foundation and Hearsay | | | |
| PX6 | | Plaintiff | | Page 223 from Fey, M., Slot Machines: America's Favorite Gaming Device | | Relevance; Foundation and Hearsay | | | |
| PX7 | | Plaintiff | | Table summarizing games offered by State lotteries | | Relevance; Foundation and Hearsay | | | |
| PX8 | | Plaintiff | | The parties' stipulation on liability | | Relevance | | | |

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

LOTTOTRON, INC. v. EH NEW VENTURES INC., et al.

Civil Action No. 2:09-cv-04942 FSH-MAS

## EXHIBIT LIST

| Trial Exhibit # | Deposition Exhibit # | Offered By | Bates Range | Description of Document | Plaintiff's Objections | Defendant's Objections | Prior Rulings Re: Exhibit | Date Offered into Evidence | Date Admitted into Evidence |
|---|---|---|---|---|---|---|---|---|---|
| PX9 | Fry Dep. Ex. 7 | Plaintiff | | ISI's Responses to Lottotron's First Set of Requests to Admit | | Relevance | | | |
| PX10 | Fry Dep. Ex. 8 | Plaintiff | | Screen shot of http://www.sportsbetting.com/help/faq/casino.html#2 | | | | | |
| PX11 | | Plaintiff | | Screen shots of www.sportbetting.com EndZone and Texas Hold 'Em scratch games | | | | | |
| PX 12 | | Plaintiff | | ISI Revenue Summary 2008-2010 | | Relevance | | | |
| PDX 1 | | Plaintiff | | Highlighted enlargement of claim 5 | | | | | |
| PDX 2 | | Plaintiff | | Highlighted enlargement of claim 8 | | | | | |
| PDX 3 | | Plaintiff | | Comparison of scratch card games | | Relevance; Foundation and Hearsay | | | |
| PDX 4 | | Plaintiff | | Comparison of how to play scratch card games | | Relevance; Foundation and Hearsay | | | |
| PDX 5 | | Plaintiff | | Comparison of video lottery terminals to ISI's Cosmic Cash video slot | | Relevance; Foundation and Hearsay | | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

LOTTOTRON, INC. v. EH NEW VENTURES INC., et al.

Civil Action No. 2:09-cv-04942 FSH-MAS

**EXHIBIT LIST**

| Trial Exhibit # | Deposition Exhibit # | Offered By | Bates Range | Description of Document | Plaintiff's Objections | Defendant's Objections | Prior Rulings Re: Exhibit | Date Offered into Evidence | Date Admitted into Evidence |
|---|---|---|---|---|---|---|---|---|---|
| DX1 | | Defendant | | Lottotron's '865 Patent | | | | | |
| DX2 | | Defendant | | '865 Patent Prosecution | | | | | |
| DX3 | | Defendant | | Lottotron's '416 Patent | Relevance | | | | |
| DX4 | | Defendant | | Lottotron's '047 Patent | Relevance | | | | |
| DX5 | | Defendant | | Lottotron's '619 Patent | Relevance | | | | |
| DX6 | | Defendant | | U.S. App. Ser. No. 08/781,609, Office Action (April 8, 1998) | | | | | |
| DX7 | | Defendant | | U.S. App. Ser. No. 08/781,609, Preliminary Amendment (Jan. 16, 1997) | | | | | |
| DX8 | | Defendant | | U.S. App. Ser. No. 09/115,774 Response to Office Action(Jan. 16, 1997) | | | | | |
| DX9 | | Defendant | | U.S. App. Ser. No.09/115,774, Office Action (September 17, 1998) | | | | | |
| DX10 | | Defendant | | U.S. App. Ser. No. 09/115,774 Office Action (September 24, 1998) | | | | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

LOTTOTRON, INC. v. EH NEW VENTURES INC., et al.

Civil Action No. 2:09-cv-04942 FSH-MAS

## EXHIBIT LIST

| Trial Exhibit # | Deposition Exhibit # | Offered By | Bates Range | Description of Document | Plaintiff's Objections | Defendant's Objections | Prior Rulings Re: Exhibit | Date Offered into Evidence | Date Admitted into Evidence |
|---|---|---|---|---|---|---|---|---|---|
| DX11 | | Defendant | | U.S. App. Ser. No. 09/115,774 Response to Office Action and Amendment (November 9, 1998) | | | | | |
| DX12 | | Defendant | | U.S. App. Ser. No. 09/115,774 Notice of Allowability (January 26, 1999) | | | | | |
| DX13 | | Defendant | | U.S. App. Ser. No. 08/751,902, Office Action (November 17, 1998) | Relevance | | | | |
| DX14 | | Defendant | | Screen shots of www.sportbetting.com Black Jack, Roulette, Pachinko, Video Poker, Slots | Foundation and Hearsay | | | | |
| DX15 | | Defendant | | Melissa Blau *Curriculum Vitae* | | | | | |
| DX16 | | Defendant | | Lottotron's Responsive Statement of Facts in Support of its Opposition to Motion for Summary Judgment | Relevance | | | | |

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

LOTTOTRON, INC. v. EH NEW VENTURES INC., et al.

Civil Action No. 2:09-cv-04942 FSH-MAS

## EXHIBIT LIST

| Trial Exhibit # | Deposition Exhibit # | Offered By | Bates Range | Description of Document | Plaintiff's Objections | Defendant's Objections | Prior Rulings Re: Exhibit | Date Offered into Evidence | Date Admitted into Evidence |
|---|---|---|---|---|---|---|---|---|---|
| DX17 | | Defendant | | Lottotron's Initial Infringement Contentions | Relevance | | | | |
| DX18 | | Defendant | | Amtote On-Track Specification for Automated Telephone Betting System (April 1987) | Relevance | | | | |
| DX19 | Fiscella Dep. Ex. 4 | Defendant | | J. Scagnelli Memo dated January 12, 1988 | Relevance | | | | |
| DX20 | Fiscella Dep. Ex. 7 | Defendant | | J.Scagnelli Sales Memo | Relevance | | | | |
| DX21 | | Defendant | L00311-315 | U.S. App. Ser. No. 07/489,814, Office Action (March 11, 1991) | Relevance | | | | |
| DX22 | | Defendant | | U.S. App. Ser. No. 08/751,902, Office Action (November 10, 1998) | Relevance | | | | |
| DDX1 | | Defendant | | '865 Patent - Figures | | | | | |
| DDX2 | | Defendant | | '865 Patent -Col 1, Col 2, Col 3, Col 5, Col 6 | | | | | |
| DDX3 | | Defendant | | Highlighted enlargement of Claim 5 inserting definition of wagering format | | | | | |

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

LOTTOTRON, INC. v. EH NEW VENTURES INC., et al.

Civil Action No. 2:09-cv-04942 FSH-MAS

**EXHIBIT LIST**

| Trial Exhibit # | Deposition Exhibit # | Offered By | Bates Range | Description of Document | Plaintiff's Objections | Defendant's Objections | Prior Rulings Re: Exhibit | Date Offered into Evidence | Date Admitted into Evidence |
|---|---|---|---|---|---|---|---|---|---|
| DDX4 | | Defendant | | Highlighted enlargement of Claim 8 inserting definition of wagering format | | | | | |

6