Kristine L. Butler, Esquire
Michael F. Snyder, Esquire
Ryan W. O'Donnell, Esquire
VOLPE AND KOENIG, P.C.
United Plaza
30 South 17th Street
Philadelphia, Pennsylvania 19103
Phone:  (215) 568-6400
Fax:  (215) 568-6499

*Attorneys for Plaintiff*
*Lottotron, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOTTOTRON, INC.,<br><br>                Plaintiff,<br><br>v.<br><br>EH NEW VENTURES, INC., *et al.*,<br><br>                Defendants. | Civil Action No. 2:09-6387 (FSH) (PS)<br><br>Consolidated with:<br><br>Civil Action No. 2:09-4942 (FSH) (PS) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTIONS *IN LIMINE***
**NOS. 2 [ECF NO. 123], 5 [ECF NO. 124], AND 7 [ECF NO. 116]**

1482486-1

**TABLE OF CONTENTS**

I. Introduction ...................................................................................................................1

II. Scratch Tickets as Equivalents to "Wagering Formats" [Defendant's
Motion *In Limine* No. 7 (ECF No. 116)] ................................................................1

III. Plaintiff is Entitled to Rely Upon Defendant's Historical Revenue
Information [Defendant's Motion *In Limine* No. 5 (ECF No. 124)] ..................3

IV. Individual Games are Equivalent to "Wagering Formats" [Defendant's
Motion *In Limine* No. 2 (ECF No. 123)] ...........................................................4

V. CONCLUSION..............................................................................................................6

i

# TABLE OF AUTHORITIES

**Cases**

*Johnson & Johnston Assocs. v. R.E. Service Co.*
    285 F.3d 1046 (Fed. Cir. 2002)..................................................................................2, 3

*Liquid Dynamics Corp. v. Vaughan Co., Inc.*
    449 F.3d 1209 (Fed. Cir. 2006)....................................................................................4

ii

## I.        Introduction

Defendant has filed several motions *in limine*.  Essentially, these motions highlight the defendant's effort to eviscerate the parties' stipulation on liability whereby the parties agreed, *inter alia*, that:

> The *only* remaining issue to be tried is whether the ISI Games offered on the accused Sportsbetting.com [website] satisfy the 'wagering formats' limitation of the asserted claims, construed as 'the kind of lottery games that are available, such as Keno, Lotto, and 3- or 4- digit lotteries.'

Stipulation as to Affirmative Defenses (Nov. 17, 2010) [ECF No. 98] at 1-2 (emphasis added).

After concluding the afore-referenced liability stipulation, the parties clarified that the term "lottery" "refers strictly to the kinds of games typically available through state lotteries." Proposed Revised Pretrial Order (Dec. 29, 2010) [ECF No. 112] at 4.

The three motions in question are to exclude evidence: 1) that the defendant's scratch card games are equivalent [ECF No. 116]; 2) of equivalence of any two casino games rather than game types [ECF No. 123]; and 3) regarding defendant's revenues in view of the parties' stipulation on damages [ECF No. 124].  Each of these motions evinces a manifest disregard for these stipulations, and each should therefore be denied.

## II.       Scratch Tickets as Equivalents to "Wagering Formats" [Defendant's Motion *In Limine* No. 7 (ECF No. 116)]

Several things are indisputably clear after reading defendant's "scratch tickets" motion: 1) the system disclosed in the '865 patent expressly accommodates "various 'instant' games available from the lotteries" (ECF No. 116-1 at 3); 2) scratch card games are offered by state lotteries (*id.* at 2); and 3) the defendant offers scratch card games on its accused website (*id.* at 1).  According to the afore-quoted stipulations, the only issue remaining for trial is whether the

1

games offered on the accused website are equivalent to the kind of games strictly available through state lotteries, such as Keno, Lotto, and 3- or 4- digit lotteries.  The use of the term "such as" in the definition of "wagering formats" makes clear that the list of games was intended to be illustrative, rather than exhaustive.  *See, e.g., Bragdon v. Abbott*, 524 U.S. 624, 639 (1998) ("As the use of the term 'such as' confirms, the list is illustrative, not exhaustive").

Given that scratch card games are available through state lotteries, they would come within the definition of "wagering formats."   The appropriate equivalents inquiry, then, is whether such state lottery scratch card games are equivalent to the scratch card games offered by defendant on the accused website.

The bulk of defendant's motion consists of arguments that the '865 patent discloses, but does not claim, scratch card games.  Thus, according to defendant, the "disclosure-dedication" rule precludes claiming scratch card games as equivalents to the literal scope of "wagering formats."  *See, e.g.,* ECF No. 116-1 at 3.

The authority cited by defendant illustrates the type of situation that the "disclosure-dedication" rule was intended to remedy.  In *Johnson & Johnston Assocs. v. R.E. Service Co.*, the patentee "specifically limited the claims to 'a sheet of aluminum' and 'the aluminum sheet.'" *Johnson & Johnston Assocs. v. R.E. Service Co.*, 285 F.3d 1046, 1055 (Fed. Cir. 2002) (*en banc*).  The patent specification, on the other hand, reads "[w]hile aluminum is currently the preferred material for the substrate, other metals, such as stainless steel or nickel alloys may be used."  *Id.*  The court held that the court "cannot now invoke the doctrine of equivalents to extend its aluminum limitation to encompass steel."  *Id.*

The application of the "disclosure-dedication" rule in this case necessarily presupposes two things: 1) the '865 patent specifically discloses scratch card games in the specification; and

2

2) scratch card games are not literally within the scope of the subject claims.  Neither of these is the case, however.

The '865 patent actually discloses various generic "instant" games available from lotteries.  *See* ECF 116-1 at 3, *quoting* '865 Patent, col. 11, lines 50-55.  There is no specific disclosure in the '865 patent specification of scratch cards, *per se*.  Further, as scratch cards are available through state lotteries, and as the definition of "wagering formats" is not limited to the four delineated games therein (as explained above), scratch card games would indeed come within the literal scope of "wagering formats."  Thus, the circumstances here are diametrically opposed to those in *Johnson & Johnston.*  The "disclosure-dedication" rule, then, is inapplicable and the subject motion should be denied.

**III.    Plaintiff is Entitled to Rely Upon Defendant's Historical Revenue Information [Defendant's Motion *In Limine* No. 5 (ECF No. 124)]**

Defendant, in the same breath, criticizes plaintiff for failing to engage in an historical analysis of the accused website, and moves to exclude the one piece of historical information it produced in this litigation – a one-page summary of its annual revenues.  That document shows the types of games offered on the accused website beginning in 2008.[1]

The basis for defendant's motion is that its revenues are irrelevant in light of the parties' damage stipulation.  Plaintiff agrees, and has no intention of relying on defendant's revenue numbers.  However, as defendant puts such emphasis on the temporal context of plaintiff's infringement analysis, then plaintiff should be able to rely upon the one document produced by defendant containing historical information about the accused website.

---

[1] Defendant has designated this document as highly confidential, so plaintiff has not included the document with its motion papers.  Defendant's motion papers do state that a redacted version of the summary was provided as Exhibit E to the Declaration of William M. Gantz.  ECF No. 124-1 at 2.  However, there was no such exhibit provided.

3

Defendant claims that the revenue summary is mere circumstantial evidence of the games offered in the accused website.  However, a patentee can rely upon circumstantial evidence in proving infringement.  *See Liquid Dynamics Corp. v. Vaughan Co., Inc*., 449 F.3d 1209, 1219 (Fed. Cir. 2006) (Infringement need not be proven by direct evidence.  Circumstantial evidence of infringement may be sufficient).

Finally, defendant claims that it will be prejudiced if the revenue summary is shown to the jury.  The only prejudice identified is that the jury will learn that defendant had "conducted a profitable venture and had revenues."  Defendant's Motion *In Limine* No. 5, ECF No. 124-1 at 2. Again, given that this document is the only historical information produced by defendant, the identified "prejudice" is far outweighed by the document's probative value.  In any event, the revenue numbers themselves can be redacted before the document is shown to the jury, thereby eliminating all of the identified "prejudice."

## IV.   Individual Games are Equivalent to "Wagering Formats" [Defendant's Motion *In Limine* No. 2 (ECF No. 123)]

The parties have stipulated that the term "wagering formats" means "the kind of lottery games that are available, such as Keno, Lotto, and 3- or 4-digit lotteries."  Stipulation as to Affirmative Defenses (Nov. 17, 2010) [ECF No. 98] at 1.  The four listed lottery games in the foregoing definition all belong generally to the category of number draw games[2], yet each is given as an example of a "wagering format."  The only variant between the games is the quantity of numbers required to be drawn to determine a winner.

---

[2] Number draw games, or numbers draw games, is a reference to games where numbers are drawn to determine a winner.  For example, the New Jersey Lottery website lists the numbers draw games available for sale in New Jersey.  http://www.state.nj.us/lottery/games/1-0_numbers_draw_games.htm [Butler Decl., Ex. B].

Further, the parties have stipulated that "[t]he only remaining issue to be tried is whether the ISI *Games* offered on the accused Sportsbetting.com [website] satisfy the 'wagering formats' limitation of the asserted claims . . .".  *Id*. at 2 (emphasis added).  The stipulation did not read, for example, "the accused *categories* of ISI Games."  In short, the definition of "wagering formats," and the parties' stipulation as to what remains for trial make clear that the "wagering formats" limitation of the asserted claims may be satisfied by individual games, as opposed to categories of games.

Defendant's accused website offers multiple games within general categories of casino-type games.  For example, within the "Scratch Cards" category of games, defendant offers eight different games.  http://www.sportsbetting.com/casino/?WT.svl=cs_r1c2 [Butler Decl., Ex. A].  Each of these games is an "ISI Game," as that term is used in the afore-quoted stipulation.  Plaintiff should be able to rely upon these games individually (as opposed to collectively) to satisfy the "wagering formats" limitation of the asserted claims, and the subject motion should be denied.

In its motion, defendant inexplicably states that "none of the opinions of plaintiff's expert, Mr. Stacy A. Friedman, are expressly linked to a game *by name*."  ECF No. 123-1 at 3 (emphasis added).  Yet, in the very next sentence, defendant quotes Mr. Friedman identifying three blackjack and three poker games *by name* – Blackjack Switch, Spanish Blackjack, Blackjack Super 7s, Free Ride, Showdown Poker, and Casino Hold 'Em.  *See id.*  If identifying particular games by name is the bellwether for determining the proper context for equivalents, then Mr. Friedman certainly provided such identification.

Finally, and consistent with its other motions, defendant invokes claim terms other than "wagering formats" as dictating the proper equivalence test in this case.  *See* ECF No. 123-1 at 1

5

1482486-1

("message means," "communication means," "providing a series of messages").  Once again, this represents an inappropriate effort on defendant's part to vitiate the liability stipulation limiting the trial in this matter to equivalents of "wagering formats."  Defendant's efforts in this regard should be rebuked.

## V.        CONCLUSION

For the foregoing reasons, defendant's motions *in limine* nos. 2 [ECF No. 123], 5 [ECF Nos. 124] and 7 [ECF No. 116] should be denied.

Respectfully submitted,


Date:  <u>January 7, 2011</u>                                              By: <u>s/ Kristine L. Butler</u>
                                                                                             Kristine L. Butler, Esquire
                                                                                             Michael F. Snyder, Esquire
                                                                                             Ryan W. O'Donnell, Esquire
                                                                                             VOLPE AND KOENIG, P.C.
                                                                                             United Plaza
                                                                                             30 South 17th Street
                                                                                             Philadelphia, Pennsylvania 19103
                                                                                             Phone:  (215) 568-6400
                                                                                             Fax:  (215) 568-6499

                                                                                             *Attorneys for Plaintiff*
                                                                                             *Lottotron, Inc.*


OF COUNSEL

George C. Summerfield
STADHEIM & GREAR
400 North Michigan Avenue
Suite 2200
Chicago, Illinois 60611
(312) 755-4400

6

1482486-1